Stewabt, J.,
dissenting. I dissent upon the authority and the reasoning of Arnold v. Newcomb, 104 Ohio St., 578, 136 N. E., 206, and Atkinson v. Metropolitan Life Ins. Co., 114 Ohio St., 109, 150 N. E., 748.
Where an insured under a life insurance policy has retained an unqualified and unrestricted right to change the beneficiary therein, such insured may exercise that right at any time during his lifetime, and the consent of the insurer is not essential thereto.
The provisions in a policy of insurance as to the *606 manner of making a change of beneficiary are for the benefit of the insurer and he may pay the amount of the policy to the beneficiary named therein after the death of the insured, and his liability thereunder ends. However, the insurer may waive the provisions in the policy as to changing the beneficiary and he does so by interpleading in an action between two parties, each claiming to be the beneficiary, and depositing the proceeds of the policy in court.
Although it is true that a will ordinarily speaks from the time of the death of the testator as to any bequests or legacies therein contained, a provision in a will changing the beneficiary in a life insurance policy is an expression of change that is made during the lifetime of the insured who made the will and assuredly is of much more convincing import as to the intention of the insured than any informal writings or expressions of desire would be.
Taut, J., concurs in the foregoing dissenting opinion.